## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| KINETICS FUNDS DISTRIBUTOR LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | Hon. |
| | ) | |
| THOMAS CLAUS, as Trustee of the Helvetia | ) | |
| Trust, JERRY OSTRY, as Trustee of the AAA | ) | |
| Group International Trust, and JOSHUA COHEN, | ) | |
| as Trustee of the RT Capital Trust, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Kinetics Funds Distributor LLC ("KFD LLC") formerly known as Kinetics Funds Distributor, Inc.,[1] by and through its undersigned counsel, hereby files its complaint for declaratory and injunctive relief against Defendants Thomas Claus, as Trustee of the Helvetia Trust; Jerry Ostry, as Trustee of the AAA Group International Trust; and Joshua Cohen, as Trustee of the RT Capital Trust (collectively "Defendants") as follows:

## INTRODUCTION

1.     KFD LLC seeks declaratory and temporary restraints and preliminary and injunctive relief to preclude Defendants from pursuing an arbitration Defendants have filed before the arbitration tribunals of the Financial Industry Regulatory Authority ("FINRA") styled *Helvetia Trust, by and thru Thomas Claus, Trustee; AAA Group International Trust, by and thru*

---

[1]  KFD LLC was previously Kinetics Funds Distributor, Inc. ("KFD").  KFD was reorganized effective March 17, 2011 into a Delaware Limited Liability Company.  All of the assets and liabilities of KFD were assumed by KFD LLC.  KFD LLC seeks declaratory and injunctive relief on behalf of both KFD LLC and it predecessor KFD.  KFD LLC and KFD shall be referred to collectively herein as "KFD LLC."

*Jerry Ostry, Trustee; and RT Capital Trust, by and thru Joshua Cohen, Trustee v. Steven Bregman, Peter Brendan Doyle, Horizon Kinetics LLC, Kinetics Funds Distributor, Inc., and Kinetics Funds Distributor LLC* and further identified by FINRA Case. 13-01290 (the "Arbitration"). Defendants should be enjoined from proceeding with the Arbitration against KFD LLC because there is no arbitration agreement between the Defendants and KFD LLC and Defendants are not KFD LLC's customers.

## PARTIES

2. KFD LLC is a securities broker-dealer duly organized as a Delaware Limited Liability Company with its principal place of business in New York, New York.

3. Upon information and belief, Defendant Thomas Claus is the trustee of the Helvetia Trust and is a citizen of and resides in the state of Wisconsin.

4. Upon information and belief, Defendant Jerry Ostry is the trustee of the AAA Group International Trust and is a citizen of and resides in the state of Florida.

5. Upon information and belief, Defendant Joshua Cohen is the trustee of the RT Capital Trust and is a citizen of and resides in the state of Virginia.

## JURISDICTION AND VENUE

6. The Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the Federal Arbitration Act, 9 U.S.C. § 4.

7. Jurisdiction is also proper under 28 U.S.C. § 1332 because there is compete diversity with respect to these claims, and the matter in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action allegedly occurred within this district as the Arbitration is being administered out of FINRA's Southeastern Regional Office in Palm Beach County, Florida.

Venue is also proper under 28 U.S.C. § 1391(b)(3) because the Southern District of Florida is a judicial district where Defendant Ostry – a resident of Palm Beach County, Florida – may be found and is subject to personal jurisdiction.

**FACTUAL BACKGROUND**

**The Arbitration**

9.      Defendants initiated the Arbitration on or about May 1, 2013 with FINRA.  The Statement of Claim was served on KFD LLC at its headquarters in New York, New York.  KFD LLC and KFD are two of five Respondents named in the Arbitration.  The two individuals named as Respondents, Steven Bregman and Peter Brendan Doyle, as well as the other entity named as a Respondent, Horizon Kinetics LLC, are neither FINRA members nor associated persons and did not agree to voluntarily submit to the arbitration tribunals of FINRA.  FINRA has acknowledged that Mr. Bregman, Mr. Doyle and Horizon Kinetics LLC cannot be compelled to arbitrate.  The sole Respondents remaining in the Arbitration are KFD LLC and KFD.

10.      Defendants appear pro se in the Arbitration and did not clearly specify the claims alleged therein.  The essence of their claim appears to be that KFD LLC was negligent and purportedly failed to exercise due diligence in connection with its purported dealings with Brian Raymond Callahan, an individual Defendants allege defrauded them, and/or certain entities controlled by Mr. Callahan, including Diversified Global Investments (BVI), L.P.

11.      In their Statement of Claim, Defendants seek damages arising out of their purported investments with Brian Raymond Callahan and/or entities controlled by Mr. Callahan.  Mr. Callahan is not now, and has never been, an officer, director, employee, registered representative, or agent of KFD LLC.  Mr. Callahan is not now, and has never been, a customer of KFD LLC.  None of the entities controlled by Mr. Callahan is or ever has been a customer of KFD LLC.

-3-

12.     On or about March 5, 2013, the Securities and Exchange Commission ("SEC") filed a civil action against Brian Callahan and certain entities that he purportedly controlled, including Diversified Global Investments (BVI), L.P., none of which is or has ever been associated with KFD LLC.  While Defendants may have been customers of Mr. Callahan and/or one of the entities he controlled, Defendants are strangers to KFD LLC.

**There is no Agreement to Arbitrate Between KFD LLC and Defendants**

13.     Defendants have never entered into any agreements with KFD LLC to arbitrate any claims, including the claims asserted in Defendants' Statement of Claim in the Arbitration.

14.     No arbitration agreement or any agreements at all exist between Defendants and KFD LLC.  KFD LLC, therefore, has no obligation to arbitrate any claims brought by Defendants and there is no basis upon which Defendants can compel KFD LLC to arbitrate their claims before the arbitration tribunals of FINRA.

15.     KFD LLC is a limited purposed broker-dealer that acts solely as principal underwriter and distributor to Kinetics Mutual Funds, Inc. ("KMF").  KFD LLC has no other business.  KFD LLC's only customer is KMF.

16.     Defendants are not now, and have never been, customers of KFD LLC.  Defendants have never had any brokerage account with KFD LLC.  Defendants have never entered into any contracts with KFD LLC.  Defendants did not make any investments with or purchase any product from KFD LLC.  In short, Defendants did not have and never had any relationship, contractual or otherwise, with KFD LLC and as such they are not now and have never been KFD LLC's customers.

17.     KFD LLC will be irreparably harmed if it is compelled to arbitrate this dispute when it has not agreed to arbitrate.

18.     Declaratory and injunctive relief is necessary to prevent KFD LLC from being compelled to arbitrate claims it did not agree to arbitrate, as this is an issue that affects the parties' interests with immediacy.  Defendants have initiated the Arbitration and KFD LLC will have to answer or otherwise plead and respond to Defendants' Statement of Claim when it has not agreed to arbitrate the claim and has not agreed to forego its rights to have this dispute heard in a court of competent jurisdiction.

19.     A declaratory judgment that Defendants are not customers of KFD LLC pursuant to FINRA Rule 12200 and thus cannot compel KFD LLC to arbitrate their claims is proper and warranted as well as a preliminary and permanent injunction enjoining Defendants' Arbitration of their claims against KFD LLC.

## COUNT I
## DECLARATORY JUDGMENT

20.     KFD LLC repeats and re-alleges the allegations in paragraphs 1 through 19 as if fully set forth herein.

21.     No arbitration agreement exists between Defendants and KFD LLC to arbitrate any disputes, including the claims asserted by Defendants in the Arbitration.

22.     On information and belief, Defendants seek arbitration based on Rule 12200 of the FINRA Code, which provides:

Parties must arbitrate a dispute under the Code if:

- Arbitration under the Code is either:

  (1)     Required by written agreement, or

  (2)     Requested by the customer;

- The dispute is between a customer and a member or associated person

  of a member; and

- The dispute arises in connection with the business activities of the member or associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

See FINRA Rule 12200 (emphasis added).[2]

23.     There is no written agreement to arbitrate between Defendants and KFD LLC.

24.     To compel arbitration under FINRA Rule 12200, Defendants must show that there is a dispute between a customer and a FINRA member.

25.     Defendants were not customers of KFD LLC.  KFD LLC is not obligated to arbitrate any claims brought by Defendants against it, including the claims asserted against KFD LLC by Defendants in the Arbitration.

26.     Declaratory relief is appropriate because an actual, present, genuine and justiciable controversy has arisen between Plaintiff and the Defendants relating to the arbitrability of Defendants' claims in the Arbitration.

27.     Plaintiff KFD LLC, therefore, respectfully requests a declaratory judgment from this Court pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that KFD LLC has no obligation to arbitrate Defendants' claims.

## COUNT II
## INJUNCTIVE RELIEF

28.     KFD LLC repeats and re-alleges the allegations in paragraphs 1 through 19 as if fully set forth herein.

29.     KFD LLC will suffer immediate and irreparable harm if it is compelled to arbitrate claims it did not agree to arbitrate.

---

[2]  A copy of Rule 12200 of the FINRA Code is attached as Exhibit A.

30.     KFD LLC is likely to prevail on the merits of its claims that it has no obligation to arbitrate the claims asserted by the Defendants in the Arbitration, as there is no arbitration agreement between KFD LLC and Defendants, and the Defendants are not "customers" of KFD LLC under FINRA Rule 12200.

31.     KFD LLC has no adequate remedy at law.

32.     Any burden resulting from the imposition of injunctive relief upon Defendants would be negligible in comparison to the potential harm to KFD LLC should it be compelled to arbitrate claims it did not agree to arbitrate.

33.     The imposition of injunctive relief is in the public interest because it would prevent Defendants' efforts to force KFD LLC to arbitrate claims that KFD LLC did not agree to arbitrate.

34.     As KFD LLC is currently required to file an Answer to Defendants' Statement of Claim on or before August 30, 2013 and KFD LLC will be forced to comply with additional procedures and processes thereafter, immediate and irreparable harm will result if expedited relief is not granted, and KFD LLC has no adequate remedies at law.

35.     For these reasons, Plaintiff KFD LLC is entitled to a temporary restraining order, and to preliminary and permanent injunctive relief enjoining Defendants from proceeding with the Arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KFD LLC respectfully requests that the Court:

A.     Enter a declaratory judgment that the Defendants are not "customers" of KFD LLC within the meaning of Rule 12200 of the FINRA Code of Arbitration Procedure for

Customer Disputes and have no standing under FINRA rules to compel arbitration of their claims against KFD LLC ;

B.      Enter an Order temporarily restraining, and preliminarily and permanently enjoining the Defendants from further proceedings against KFD LLC in the FINRA Arbitration;

C.      Award Plaintiff its costs and expenses incurred herein; and

D.      Such other and further relief as this Court deems just and proper.

Dated:  August 30, 2013

                                    Respectfully submitted,


                                    /s/ Elaine M. Rice
                                    Burton W. Wiand, Esq., (Fl. Bar No.407690)
                                    Elaine M. Rice, Esq., (Fl. Bar No. 549975)
                                    Jordan D. Maglich, Esq., (Fl. Bar No.86106)
                                    WIAND GUERRA KING P.L.
                                    5505 W. Gray Street
                                    Tampa, Florida  33609
                                    Telephone: (813) 347-5100
                                    Facsimile: (813) 347-5199

                                    ATTORNEYS FOR PLAINTIFF KINETICS
                                    FUNDS DISTRIBUTOR LLC