**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KINETICS FUNDS DISTRIBUTOR LLC,

      Plaintiff,

v.                                  Case No. 9:13-cv-80876

THOMAS CLAUS, as Trustee of the Helvetia
Trust, JERRY OSTRY, as Trustee of the AAA
Group International Trust, and JOSHUA COHEN,
as Trustee of the RT Capital Trust,

      Defendants.

_____)

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR**
**DISCOVERY, DEPOSITIONS AND INTERROGATORIES AT**
**ONCE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Kinetics Funds Distributor LLC ("KFD LLC") formerly known as Kinetics Funds Distributor, Inc.,[1] by and through its undersigned counsel, hereby files its Response to Defendants' Motion for Discovery, Depositions and Interrogatories At Once (the "Motion") (Dkt. 8) and states the following in support:

## I.      INTRODUCTION

This matter comes before this Court on Defendant Ostry's Motion for broad-ranging discovery seeking email communications from individuals not affiliated with KFD LLC and documents and discovery related to unspecified mergers and acquisitions. The issue in this proceeding is narrow and straightforward: can KFD LLC be compelled to participate in an

---

[1] Kinetics Funds Distributor, Inc. ("KFD Inc.") was reorganized effective March 17, 2011, into a Delaware Limited Liability Company. All of the assets and liabilities of KFD Inc. were assumed by KFD LLC. Both KFD Inc. and its successor, KFD LLC, had the same sole function of underwriting and distributing mutual funds, and KFD LLC and KFD Inc. shall be referred to collectively herein as "KFD LLC."

arbitration initiated by Defendants before the arbitral tribunals of the Financial Industry Regulatory Authority ("FINRA") where KFD LLC did not: (1) agree to arbitrate with Defendants; (2) have any semblance of any customer relationship with Defendants; or (3) provide any investment or brokerage related services to Defendants.[2]  No other issues are before the Court.

## II.      FACTUAL BACKGROUND

Defendants filed an arbitration styled *Helvetia Trust by and thru Thomas Claus, et al. v. Kinetics Funds Distributor, Inc., et al.* and further identified by FINRA Case No. 13-01290 (the "Arbitration").  Defendants named five respondents in the Arbitration: (1) Steven Bregman; (2) Peter Brendan Doyle; (3) KFD Inc.; (4) KFD LLC; and (5) Horizon Kinetics LLC.  Mr. Bregman is not an associated person of KFD LLC and did not agree to arbitrate.  Mr. Doyle is not an associated person of KFD LLC and did not agree to arbitrate.  Horizon Kinetics LLC is not a FINRA member firm and did not agree to arbitrate.  FINRA has acknowledged that Mr. Bregman, Mr. Doyle and Horizon Kinetics LLC cannot be compelled to arbitrate.  (Dkt. 4-B). KFD Inc. no longer exists, was reorganized into a limited liability company, KFC LLC, in 2011, and the sole business of both KFD Inc. and KFD LLC is the distribution of mutual funds to Kinetics Mutual Funds, Inc. ("KMF").  Thus, KFD LLC is the sole remaining respondent and has filed this action to enjoin the Arbitration on its behalf, as well as on behalf of its predecessor firm, KFD Inc., which no longer exists.

KFD LLC is a limited purpose broker-dealer that acts solely as principal underwriter and distributor to KMF.  It has no other business, and Defendants are complete strangers to KFD

---

[2]  As more fully detailed in Plaintiff's Motion for Preliminary Injunction (Dkt. 4), this question must be answered in the negative.

LLC.  The Arbitration is devoid of any allegations involving the mutual funds sponsored by KMF or any accounts or transactions with KFD LLC related to Defendants.  Rather, Defendants' claims relate solely to alleged investment losses suffered in a purported Ponzi scheme operated by Brian Raymond Callahan, who has no affiliation with or connection to KFD LLC.  While Defendants may have been customers of Mr. Callahan and/or an entity that Mr. Callahan controlled, Defendants are strangers to KFD LLC.

Defendants have never been a party to any agreement with KFD LLC, have never maintained any brokerage accounts at KFD LLC, have never purchased any investments from KFD LLC, and have never been customers of KFD LLC.  There are no agreements between Defendants and KFD LLC to arbitrate any claims, including the claims asserted in the Arbitration, and KFD LLC does not now and has never provided any investment or brokerage related services to Defendants.

### III.    MOTION FOR DISCOVERY

The Motion is the latest in Defendants' fanciful and unfounded belief that Brian Callahan, the individual allegedly masterminding the Ponzi scheme which caused their investment losses, was somehow conspiring with "affiliates and with entities associated and or wholly owned by Kinetics Horizon et al."[3]  However, the issue before this Court is whether Defendants have any arbitration agreement with one entity – KFD LLC.  In the arbitration proceeding filed by Defendants, they include a broad range of entertaining but fictitious allegations resulting from their investment and subsequent losses made with a suspected criminal that operated a Ponzi scheme which was wholly unrelated to KFD LLC.  There is no allegation in the arbitration proceeding that there existed any relation between the individual Defendants,

---

[3] Plaintiff is not aware of any entities named "Kinetics Horizon" and, in any event, it is not the name of the Plaintiff in this case or any respondent in the arbitration.

Brian Callahan, or his Ponzi scheme and KFD LLC, and this is evident from the declaration before the Court. (Dkt. 4-C).

Allowing these individuals to engage in broad-ranging discovery is inappropriate as the Defendants seek discovery regarding matters wholly irrelevant to this case and to their claim(s) or defense(s) and beyond the scope permitted by the Federal Rules of Civil Procedure.  The subject matter of the discovery requests are emails between KFD LLC and two individuals not affiliated with KFD LLC, as well as merger documents between KFD LLC and a range of other affiliates.  Whether or not these documents exist, the requested discovery would in no way establish the existence of an agreement between Defendants and KFD LLC relating to arbitration of any possible claims, nor would the discovery be considered relevant evidence or lead to the discovery of any relevant evidence as to any arbitration agreement with KFD LLC, whose sole business is the underwriting and distribution of mutual funds.  Rather, the issue before this Court is the arbitrability of Defendants' claims against KFD LLC and whether KFD LLC can be forced into arbitration.[4]

While Defendant requests the taking of unspecified depositions and the propounding of unspecified interrogatories, at no time have Defendants served upon Plaintiff interrogatories under Rule 33, document requests under Rule 34, or any other discovery specified under Rule 26.  While the Motion might be construed as a motion to shorten time, the Motion is improper because it provides no opportunity or ability for Plaintiff to provide normal responses to discovery as specified in the Federal Rules of Civil Procedure, nor is there any description in the

---

[4] The merit (or lack thereof) of Defendants' claims is not at issue in this proceeding.  *See Morgan Keegan & Co, Inc. v. Louise Silverman Trust*, 2012 WL 113400, *2 fn. 3 (D. Md. 2012) ("The merits of defendants' underlying claims against Morgan Keegan are irrelevant – the issue is whether FINRA arbitration is appropriate and not whether the underlying claims in the FINRA arbitration are meritorious.").

Motion why the discovery sought is in any way related to the issue of whether there exists an arbitration agreement between Plaintiff and Defendants. Instead, Defendant seeks discovery that is wholly irrelevant to the subject matter of this litigation and serves only to harass and inconvenience KFD LLC and to delay the injunctive relief to which KFD LLC is entitled. No cause has been supplied as to why this discovery is necessary. As such, Defendant Ostry's Motion should be in all respects denied.

### IV.   ARGUMENT AND AUTHORITIES

### A.   THE REQUESTED DISCOVERY IS IMPROPER UNDER THE FEDERAL RULES OF CIVIL PROCEDURE

In addition to the substantive problems with Defendant's requested discovery outlined below in Section B, Defendant's requested discovery is also procedurally improper. Defendant has not only failed to specify what procedures he is moving under in requesting expedited discovery, but also has not demonstrated any basis for immediate discovery, why the matters to be discovered are in any way related to the issues before the Court, or how the requested discovery is relevant to any claim or defense. Fed.R.Civ.P. 26(b)(1). Further, while Defendant demands unspecified depositions and interrogatories, Rule 26(d)(1) prohibits a party from seeking discovery from any source until the parties have conferred as required by Rule 26(f). The requested discovery also fails to afford Plaintiff any opportunity to assert objections or provide responses. In short, Defendant's motion for discovery warrants denial alone on its unconformity with the Federal Rules of Civil Procedure.

### B.   THE REQUESTED DISCOVERY IS IRRELEVANT TO WHETHER KFD LLC CAN BE COMPELLED TO ARBITRATE DEFENDANTS' CLAIMS

The sole issue before this Court is whether KFD LLC can be forced to participate in a FINRA Arbitration initiated by Defendants. In order to compel arbitration, the Court must find

the existence of an arbitration agreement between the parties. *In re Checking Account Overdraft Litigation*, 915 F. Supp. 2d 1334, 1336 (S.D. Fla. 2013) (court may only compel arbitration if it finds valid arbitration agreement exists and dispute falls within scope of that agreement); *see also Wheat, First Securities, Inc. v. Green*, 993 F.2d 814, 820 (11th Cir. 1993) (investors could not compel arbitration where they were not customers of broker-dealer at time events took place).  In the absence of a written arbitration agreement between the parties, FINRA member firms – like KFD LLC – can be required to arbitrate in certain circumstances with its "customers" by FINRA Rule 12200.  The analysis of whether an individual or entity is a "customer" of the FINRA member turns on whether the firm provided investment or brokerage services to the individual or entity. *Orchard Securities LLC v. Pavel*, 2013 WL 4010228, *3 (D. Utah 2013); *Morgan Keegan & Co., Inc. v. Louise Silverman Trust*, 2012 WL 113400, *3 (D. Md. 2012); *Berthel Fisher & Co. Financial Services, Inc. v. Larmon*, 695 F.3d 749, 753 (8th Cir. 2012); *Berthel Fisher & Co. Financial Services, Inc. v. Frandino*, 2013 WL 2036655, *5 (D. Ariz. 2013).

Defendant Ostry's Motion, however, seeks production of two categories of documents unrelated to the factual issue before this Court.  The first request seeks production of e-mail correspondence between Mr. Bregman and Doyle and "KFD LLC et al."  The second request seeks production of documents pertaining to any merger and/or acquisition involving KFD LLC, "Kinetics Horizon" and its predecessors.[5]  Both of these requests seek documents that have no bearing on the sole issue before this Court of whether an arbitration agreement exists between Defendants and KFD LLC.  Nor does the requested discovery have any bearing on whether KFD

---

[5]  Should the Court grant Defendant Ostry's request for permission to issue discovery, including unspecified depositions and interrogatories, KFD LLC reserves its right to assert timely objections, including, but not limited to, objections to the production of documents and information protected by the attorney-client, work-product and/or other applicable privileges.

LLC provided investment or brokerage-related services to Defendants.  While Defendant Ostry may be on a quest to link Callahan to some entity with the word "Kinetics," "Kinetics Horizon," or "Horizon" in its name, this litigation is not the appropriate forum for his fishing expedition.

It is well established that "the discovery rules do not permit [a party] to go on a fishing expedition.  *E.E.O.C. v. S. Haulers, LLC*, CIV.A. 11-00564-N, 2012 WL 1768064 (S.D. Ala. 2012).  Forcing KFD LLC to participate in Defendants' unwarranted discovery would not only force KFD LLC to expend unnecessary time and expense, but would have no bearing on whether Defendants had an arbitration agreement or brokerage-related relationship with KFD LLC. Allowing discovery would needlessly delay the injunctive relief to which KFD LLC is entitled.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, KFD LLC respectfully requests that the Court find that the discovery sought by Defendant is wholly irrelevant to any claim or defense in this action and fails to comply with the Federal Rules of Civil Procedure, and KFD LLC respectfully submits that this Motion should be denied.

/s/ Jordan D. Maglich
Burton W. Wiand (Fl. Bar No.407690)
bwiand@wiandlaw.com
Elaine M. Rice (Fl. Bar No. 549975)
erice@wiandlaw.com
Jordan D. Maglich (Fl. Bar No.86106)
jmaglich@wiandlaw.com
WIAND GUERRA KING P.L.
5505 W. Gray Street
Tampa, Florida  33609
Telephone: (813) 347.5100
Facsimile: (813) 347.5199
ATTORNEYS FOR PLAINTIFF
KINETICS FUNDS DISTRIBUTOR LLC

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on September 9, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Jordan D. Maglich
Attorney
