**9:13-cv-80876-KAM Kinetics Funds Distributor LLC v. Claus et al**


In the Southern District of Florida Palm Beach

Helvetia Trust, by and through Thomas Claus, Trustee

AAA Group International Trust, by and through Jerry Ostry, Trustee

RT Capital Trust, by and through Joshua Cohen, Trustee

    Counter Plaintiffs and Defendants

vs

Kinetics Funds Distributors LLC/INC

Kinetics LLC

Kinetics Horizon LLC

Steve Bregman

Peter Doyle

    Plaintiffs and Defendants

**Counter Complaint at law:**

NOW COMES Counter Plaintiffs, alleging that the KFD LLC, as well as all the affiliated

organizations to Kinetics did in fact contract with an unlicensed disbarred for Life fraudster



FILED by _____ D.C.

SEP 1 2 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

Brian Callahan beginning as early as 2007 and continued to deal with him thru 2012. It is apparent that the fraudster did have a relationship with the Presidents of Kinetics and Horizon, predecessor entities to the newly formed KFD LLC and Kinetics Horizon and therefore, this relationship, was illegal and improper for these entities to be dealing with an unlicensed fraudster and later a disbarred for life fraudster. HOWEVER Kinetics entities continued dealing with Callahan and continued dealing with them, well into the time frame that they were prohibited by FINRA from dealing with any other member firm or licensed entity.  The claims shall include any and all claims found herein plus any and all claims and set of facts found in the original FINRA complaint.


Pursuant to this failure to check Callahan out, Callahan was able to perpetuate a scheme, rely on others to do his dirty work, allowing Kinetics to launder the money for Callahan, as long as his commissions kept arriving.

As a full fledged consequence to Kinetics allowing Callahan to contract with them like he was a normal citizen, Kinetics et al continued to deal with him, even though many signs were apparent, such as an example, he produced a Massachusetts drivers license, notarized by his wife, and provided an address in Long Island, and yet said he wasn't a US citizen. Many red flags were apparent, and in the case of Kinetics, they simply looked the other way because of the high level of commissions.  If they had caught this timely, then Callahan couldn't have gone on to perpetrate the other frauds he had done, which resulted in $100 million in losses for many investors. As a result, these losses were the proximate cause and consequential cause of fraudulent action on the part of Kinetics funds and in fact if due diligence compliance checks,

required by SEC and NYSE rules, were followed, then they would have been caught, and Callahan could have been stopped before he caused so much misery.

WHEREFORE Counter plaintiffs lost $3 million, Counter plaintiffs also request treble damages, Rico statutes to apply as well as $100 million in further damages as compensatory and punishment for not doing their jobs.



X_____

Jerry OSTRY and Defendants

125 S State Rd 7 104150

Wellington, FL 33414

561-379-8608

cc: Elaine M. Rice, Email: erice@wiandlaw.com

cc: Lisa Lasher, FINRA REP.  by e mail

cc: Steeve Encaoua, FINRA Case Administrator, Email: FL-Main@finra.org

cc: RT Helvetia and AAAGroup trusts

Filed Monday Sept. 9th 2013 in Palm Beach federal court